IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01860-MSK-KLM

SUMMER R. COLBY, and
JAMES R. COLBY,

    Plaintiffs,

v.

MICHAEL HERRICK, Brand Inspector,
BRAND INSPECTION DIVISION, and
CHRIS WHITNEY, Branding Commissioner,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#60][1] (the

"Motion").  Plaintiffs, who are proceeding pro se,[2] filed a Response [#62] in opposition to

the Motion, and Defendants filed a Reply [#68].  The Motion is thus ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion is referred

to the undersigned for recommendation regarding disposition [#64].  Having reviewed the

_____

[1]  "[#60]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's electronic case filing and management system
(CM/ECF).  This convention is used throughout the Recommendation.

[2]  The Court must construe liberally the filings of pro se litigants.  *See Haines v. Kerner*, 404
U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the
Court should not be the pro se litigants' advocate, nor should the Court "supply additional factual
allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf."
*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).
In addition, pro se litigants must follow the same procedural rules that govern other litigants.
*Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motion [#60] be **GRANTED.**

## I.  Summary of the Case[3]

This case arises from the seizure of a horse.  On July 22, 2011, Defendant Michael Herrick ("Herrick"), a Fremont County Brand Inspector supervised by the Branding Commissioner, Defendant Chris Whitney ("Whitney"), and employed by Defendant Colorado Brand Inspection Division ("The Division"), seized a dark bay gelding horse by the name of Winter.  *Third Am. Compl.* [#59] at 7-8.  Plaintiffs allege that at the time of the seizure, they were preparing to transfer Winter from one boarding location to another.  *Id.* As they prepared to transport Winter, Defendant Herrick arrived and informed Plaintiff that Vickie Milholland ("Milholland") (the mother of Plaintiff Summer Colby) had contacted him and asserted ownership of Winter.  *Id.*  In an attempt to demonstrate to Defendant Herrick that they owned Winter, Plaintiffs provided Defendant Herrick with a bill of sale for Winter. *Id.*  Defendant Herrick informed them that the bill of sale was deficient because it was not notarized, and proceeded to seize Winter.  *Id.*

After the seizure, Ms. Milholland opened a replevin action in Fremont County asserting ownership of Winter and seeking a pre-judgment order of possession.  *Id.* at 9. Plaintiffs allege that Norman Cooling ("Cooling"), the judge in the replevin action, issued an order granting Ms. Milholland possession of Winter while the matter of ownership was

---

[3] The Court must accept as true all the factual allegations in the complaint, construe them in a light most favorable to the plaintiff, and resolve all reasonable inferences in plaintiff's favor. *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996).

still pending.  *Id.* at 11.  The trial as to the ownership of Winter was originally scheduled for

October 2, 2012, but was continued to June 2014.  *Id.* at 11-12.  The trial was delayed for

a variety of reasons: withdrawal of Plaintiffs' counsel, transfer of the replevin action from

county court to state district court, and Plaintiffs' initiation of bankruptcy proceedings.  *Id.*

Plaintiffs eventually prevailed at trial, and the court entered an order awarding Plaintiffs

possession of Winter.  *Id.* at 13.

Based on these allegations, Plaintiffs bring seven claims: (1) violation of the Fourth

Amendment against Defendants Herrick and Whitney; (2) violation of the Fifth Amendment

against all Defendants; (3) violation of the Fourteenth Amendment against Defendant

Herrick; (4) civil conspiracy against Defendant Herrick; (5) negligence against Defendant

Herrick; (6) negligence per se against Defendant Herrick;  and (7) "outrageous conduct

causing severe emotional distress" against Defendants Herrick, Whitney, and The Division.

*Id.* at 23-51.  The claims against Defendants Herrick, Whitney, and The Division stem from

the initial seizure of Winter.  Plaintiffs seek damages from Defendants Herrick, Whitney,

and The Division.  *Id.* at 52.

Defendants' Motion seeks full dismissal of Plaintiffs' Third Amended Complaint [#59]

on several grounds: (1) Plaintiffs' action is barred by the statute of limitations; (2) claims

against state agencies or officials are barred by the Eleventh Amendment; (3) claims

against Defendants Herrick and Whitney are barred by qualified immunity; and (4) all tort

claims are barred by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat.

§§ 24-1-101 thru 120.  *Motion* [#60] at 8.

## II.  Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.*  The Court therefore must make its own findings of fact. *Id.*  In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).  The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.     Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiffs' complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiffs' allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).  *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.  Analysis

#### A.    Subject Matter Jurisdiction

Defendants argue that all claims against the Division of Brand Inspection must be dismissed because the Division is an arm of the state, and thus protected from suit by the Eleventh Amendment.   The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.   "Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court."  *AMISUB (PSL), Inc. v. State of Colo. Dep't of Social Servs.*, 879 F.2d 789, 792 (10th Cir. 1989) (citing *Hans v. State of Louisiana*, 134 U.S. 1, 10 (1890)).

Plaintiffs argue that the funding structure of the Division of Brand Inspection demonstrates that the Eleventh Amendment does not bar suit against the Division.   In support of this argument, Plaintiffs direct the Court's attention to *Hess v. Port Authority Trans-Hudson Corporation*, 513 U.S. 30 (1994).   In *Hess*, two employees were injured while working for Port Authority Trans-Hudson Corporation ("PATH"), a wholly owned subsidiary of the Port Authority of New York and New Jersey ("Port Authority").  *Id.* at 33. PATH operated a commuter railroad connecting New York City to New Jersey.  *Id.*  PATH

moved to dismiss the employees' claims, asserting that PATH's qualification as a state agency entitled it to the Eleventh Amendment immunity enjoyed by New York and New Jersey. *Id.* Both the district court and Third Circuit Court of Appeals agreed that PATH was immune from suit.

The Supreme Court granted certiorari and examined the question.  First, the Supreme Court examined the structure of the Port Authority, focusing mainly on how the Port Authority is funded.  The Court took note of the following: (1) the Port Authority was conceived as a financially independent entity with funds primarily derived from private investors; (2) tolls, fees, and investment income account for the Port Authority's secure financial position; (3) debts and other obligations of the Port Authority are not liabilities of New York and New Jersey; (4) the states do not appropriate funds to the Port Authority; and (5) the implementing legislation bars the Port Authority from drawing on state tax revenue, pledging the credit of either state, or otherwise imposing any charge on either state.  *Id.* at 36-37.  After considering the preceding facts, the Court concluded that a judgement against PATH would not be enforceable against either New York or New Jersey. *Id.* at 38.

The Supreme Court then discussed the impetus for the Eleventh Amendment, described as "the prevention of federal-court judgments that must be paid out of a State's treasury." *Id.* at 48.  After quoting from a multitude of cases, the Court concluded that "the vast majority of circuits . . . have concluded that the state treasury factor is the most important factor to be considered . . . and, in practice, have generally accorded this factor dispositive weight." *Id.* at 49 (internal quotations omitted).  The Court determined that the characteristics of PATH mentioned above demonstrated that no judgment could come from

the state treasuries of either New York or New Jersey. Thus, PATH was not entitled to Eleventh Amendment protection. *Id.* at 53.

Plaintiffs attempt to demonstrate that the Brand Inspection Division shares many of the characteristics of PATH, and therefore should not be protected by the Eleventh Amendment. Plaintiffs allege (based on some "back of the envelope"-style calculations) that the Brand Inspection Division is entirely self-funded, operates on an annual budget of over $4,000,000, and that the Division has over $110,000,000 in reserve assets. *Third Am. Compl.* [#59] at 2. While Plaintiffs do allege that the Division is self-funded like the Port Authority, Plaintiffs do not allege the other factors which contributed to the Supreme Court's decision that the Port Authority was shielded by the Eleventh Amendment. For example, Plaintiffs have not alleged that debts and other obligations of the Brand Inspection Division are not liabilities of Colorado or that the implementing legislation bars the Brand Inspection Division from drawing on state tax revenue, pledging the credit of either state, or otherwise imposing any charge on Colorado. *See Hess* 513 U.S. at 36-37.

"The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *F & S Const. Co.*, 337 F.2d at 161. Plaintiffs have failed to properly allege that a judgment against the Brand Inspection Division will not be paid by the state treasury. *Hess*, 513 U.S. at 49. The Eleventh Amendment therefore bars suits against the Brand Inspection Division, and thus, the Court **recommends** that Plaintiffs' "outrageous conduct causing severe emotional distress" claim against the Brand Inspection Division be **dismissed without prejudice**. *Brereton*, 434 F.3d at 1216.

## B.    Statute of Limitations on Federal Claims

-8-

Defendants argue that all of Plaintiffs' federal claims are barred by the applicable statute of limitations. "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Plaintiffs argue that a two-year statute of limitations applies, while Defendants argue that a one-year statute of limitations applies. The Court does not need to resolve this difference, as the outcome is the same regardless of which statutory period is applied. Winter was seized on July 22, 2011. *Third Am. Compl.* [#59] at 7-8. Applying a two-year statute of limitations, any actions related to the seizure must have been initiated by July 22, 2013. Plaintiffs filed their initial Complaint in July 2014, after the two-year period had ended.

Plaintiffs argue that the statute of limitations was tolled because they initiated bankruptcy proceedings during the two-year statutory period. *Response* [#62] at 19. Plaintiffs filed for bankruptcy on December 31, 2012. *Id.* Plaintiffs contend that the bankruptcy proceedings triggered an automatic stay that was in effect from the day they filed for bankruptcy until December 12, 2013, a span of 347 days. *Id.* Plaintiffs claim that this automatic stay tolled the applicable statute of limitations in this case. *Id.* To support this contention, Plaintiffs direct the Court to 11 U.S.C. § 108(a), which states:

> (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

The plain language of the statute demonstrates that it is inapplicable in this situation.

Section 108(a) provides that *the trustee* may commence an otherwise time-barred action within an extended period.  The language of the section does not  contemplate allowing a debtor to commence a time-barred action.  "[An] extension pursuant to § 108(a) is limited to circumstances where . . . a claim is *both* commenced during pendency of the bankruptcy proceedings *and* commenced by someone acting as the bankruptcy trustee." *Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 755 (E.D. Va.) aff'd, 332 F. App'x 113 (4th Cir. 2009) (emphasis in original).  Plaintiffs do not allege that they are acting as trustees for their bankruptcy estate.  Further, when Plaintiffs' bankruptcy proceedings abated in December 2013, any § 108(a) extension benefitting their bankruptcy estate was extinguished because the bankruptcy estate then ceased to exist. *Id.*  Similarly, because no bankruptcy proceeding was ongoing when Plaintiffs filed this claim in July 2014, neither Plaintiffs nor anyone else was a trustee entitled to commence this claim during any period extended by § 108(a).  *Id.*  *Roach v. Option One Mortgage Corporation* explains why a contrary result would lead to absurd results.  This Court agrees with the rationale expressed in *Roach*, i.e., that there is much room for abuse if a potential plaintiff could obtain an automatic extension of a statute of limitations simply by filing a bankruptcy petition and then dismissing the petition. *Id.*

As the statute of limitations was not tolled, all § 1983 claims related to the initial seizure of Winter are time barred, and the Court **recommends** that the Fourth Amendment and Fifth Amendment claims against Defendants Herrick and Whitney be **dismissed with prejudice**.  *See Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 21 (10th Cir. 2003) (holding that a claim falling outside the applicable limitations period is dismissed with

prejudice). The Court further **recommends** that the Fourteenth Amendment claim against Defendant Herrick be **dismissed with prejudice**. *Id.*

C.    **State Law Claims**

Plaintiffs assert state law claims of civil conspiracy, negligence, negligence per se, and "outrageous conduct causing severe emotional distress." *Third Am. Compl.* [#59] at 36-51.  These claims are ones which "[f]ederal law neither created . . . nor is federal law a necessary element of it.  It is purely a state-law claim." *Tinner v. Farmers Ins. Co.,* 504 F. App'x 710, 714 (10th Cir. 2012) (citation omitted).  Here, subject matter jurisdiction is based on 28 U.S.C. § 1343(a)(3). *See Third Am. Compl.* [#59] at 1.  As a result, in order to consider claims outside of the scope of §1343(a)(3), the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The exercise of supplemental jurisdiction "is within a district court's discretion." *Wittner v. Banner Health,* 720 F.3d 770, 781 (10th Cir. 2013).  Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See Lancaster v. Indep. Sch. Dist. No. 5,* 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . ., the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").   Thus, having recommended dismissal of Plaintiffs' federal claims (the only claims over which the Court has jurisdiction under §1343(a)(3)), the Court further **recommends** that the Chief Judge decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and that such claims be **dismissed without prejudice**. *Bauchman v. W. High Sch.,* 132 F.3d

542, 549 (10th Cir. 1997) (holding that where federal claims are dismissed before trial, federal courts should decline to exercise supplemental jurisdiction over state law claims by dismissing the claim without prejudice).

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#60] be **GRANTED** and that Plaintiffs' Third Amended Complaint [#59] be **DISMISSED with prejudice** as to the following claims:

•  Defendant Herrick: Fifth Amendment, Fourteenth Amendment;

•  Defendant Whitney: Fourth Amendment, Fifth Amendment; and

•  Defendant Brand Inspection Division: Fifth Amendment.

The Court further **RECOMMENDS** that the Motion [#60] be **GRANTED** and the Plaintiffs' Third Amended Complaint [#59] be **DISMISSED without prejudice** as to the following claims:

•  Defendant Herrick: civil conspiracy, negligence, negligence per se, "outrageous conduct causing severe emotional distress";

•  Defendant Whitney:  "outrageous conduct causing severe emotional distress"; and

•  Defendant Brand Inspection Division:   "outrageous conduct causing severe emotional distress".

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the Chief Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the Chief Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 17, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge