**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01860-MSK-KLM

**SUMMER R. COLBY; and
JAMES R. COLBY,**

    Plaintiffs,

v.

**MICHAEL HERRICK;
CHRIS WHTNEY, as Commissioner of the Brand Inspection Division; and
COUNTY & DISTRICT COURT OF FREMONT COUNTY; and
THE HONORABLE NORMAN COOLING;**

    Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND GRANTING MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Objections **(# 71)** to the Magistrate Judge's Recommendation **(# 70)** that the Defendants' Motion to Dismiss **(# 60)** be granted, the Defendants' response **(# 72)**, and the Plaintiffs' reply **(# 73)**.[1]

The Plaintiffs' *pro se* Third Amended Complaint **(# 59)** is lengthy and discursive, but when boiled down to its essentials, it describes a fairly straightforward factual scenario. The Plaintiffs claim that they owned a horse named Winter. Vickie Milholland contended that she owned Winter and in July 2011 sent Defendant Michael Herrick, a Fremont County Brand Inspector, to the location where the Plaintiffs boarded Winter to seize the horse. The Plaintiffs contend that they presented written proof of their ownership of Winter (that they say was more

---

[1]     The Plaintiffs moved **(# 74)** for leave to file a reply. Although Fed. R. Civ. P. 72(b)(2) does not expressly contemplate replies being filed in support of Objections, the Court is mindful of the Plaintiffs *pro se* status and will consider the contents of their reply brief.

substantial than Ms. Milholland's oral claim of ownership), but Mr. Herrick nevertheless seized Winter. A series of lawsuits between the Plaintiffs and Ms. Milholland then began in the state courts. Ultimately, on or about July 1, 2014, the Plaintiffs ultimately prevailed and regained possession of Winter.

Based on these facts, the Plaintiffs assert seven causes of action pursuant to 42 U.S.C. § 1983. Although the precise contours of each claim are somewhat difficult to determine, it appears that there is (i) a claim against Mr. Herrick for seizing Winter in deprivations of the Plaintiffs' "4th Amendment rights," ( this the Court construes as a claim by the Plaintiffs that Mr. Herrick deprived them of their property without procedural Due Process, as required by the 14th Amendment); (ii) a claim captioned as a "5th Amendment violation," asserted against the Brand Inspection Division under *Monell*, alleging that the Commission is liable for Mr. Herrick's constitutional deprivations based on Mr. Whitney's failure to properly train and supervise Mr. Herrick; (iii) what appears to be a 14th Amendment Equal Protection claim against Mr. Herrick, because he seized Winter as a favor to Ms. Milholland; (iv) a claim, apparently under Colorado law, for "civil conspiracy," asserted against Mr. Herrick, alleging that he and Ms. Milholland (who is not named as a defendant) conspired to have Mr. Herrick improperly seize Winter; (v) a claim captioned as "negligence/negligence *per se*" that appears to allege that both Mr. Herrick and the Brand Inspection Division acted negligently in seizing and holding Winter; (vi) a claim for "declaratory judgment," which seems to reflect that the Plaintiffs seek only nominal damages against "the County and District Court of Fremont County and/or its jurists," as well as a request "commanding the District Court [of Fremont County] to release the replevin bond to Ms. Colby"; and (vii) a claim under Colorado law for outrageous conduct against Mr. Herrick.

The Defendants moved **(# 60)** to dismiss the Plaintiffs' Third Amended Complaint, arguing that: (i) the action was untimely, having been commenced outside of the one-year statute of limitation that applies to actions against law enforcement officials, C.R.S. § 13-80-103(1); (ii) that claims brought against state agencies or officials in their official capacities are barred by Eleventh Amendment immunity; (iii) that Mr. Herrick and Mr. Whitney are entitled to qualified immunity; (iv) that the claims against the Fremont County courts and Judge Cooling are barred by judicial immunity; and (v) that the tort claims brought against Mr. Herrick and Mr. Whitney are barred by the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 21-10-101 *et seq.*

The Court referred the Defendants' motion to the Magistrate Judge for a recommendation. On November 17, 2015, the Magistrate Judge issued a Recommendation **(# 70)** that the motion be granted. Specifically, the Magistrate Judge found: (i) that the Brand Inspection Division is an arm of the state, thus enjoying Eleventh Amendment immunity[2]; (ii) that the Plaintiffs' § 1983 claims are barred, regardless of whether a one-year or two-year limitation period applies because the Plaintiffs' filing for bankruptcy on December 31, 2012 did not toll the statute of limitation; and (iii) upon the dismissal of all claims arising under federal law, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

The Plaintiffs filed timely Objections **(# 71)** to the Recommendation, arguing: (i) that dismissal on statute of limitation grounds fails because the ongoing deprivation of Winter constituted a "continuing tort" for which the statute of limitation was constantly refreshed[3]; and

---

[2] The Recommendation seems to indicate an understanding that only the outrageous conduct claim is brought against the Brand Inspection Division, as that is the only claim expressly recommended for dismissal on these grounds.

[3] Notably, the Plaintiffs do not appear to specifically object to the Magistrate Judge's conclusion that their 2012 bankruptcy filing did not toll the statute of limitation.

(ii) that they sufficiently alleged facts showing that the Brand Inspection Division is not an arm of the state.

The Court reviews the objected-to portions of a Recommendation *de novo*. Fed. R. Civ. P. 72(b). The Court is also mindful of the Plaintiffs' *pro se* status, and, accordingly has construed their pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

The Court begins with the Plaintiffs' claims under 42 U.S.C. § 1983, and specifically, the timeliness of those claims. This Court applies Colorado's limitation period for bringing personal injury claims. *Canfield v. Douglas County*, 619 Fed.Appx. 774, 777 (10th Cir. 2015), *citing Wallace v. Kato*, 549 U.S. 384, 387 (2007). At least two Colorado limitation periods are at issue here – generally, personal injury actions must be brought within two years under C.R.S. § 13-80-102(1)(i) and claims against law enforcement officers be brought within one year under C.R.S. § 13-80-103(1). In *Blake v. Dickason*, 997 F.2d 749, 740 (10th Cir. 1993), the 10th Circuit made clear that in such circumstances, the Court applies the general residual limitation period, not the more specialized statute of limitation. Accordingly, the proper statute of limitation on the Plaintiffs' § 1983 claims is two years.

The Court then turns to the question of when the § 1983 causes of action accrued, a question which is governed by federal law. *Canfield,* 619 Fed.Appx. at 777. A cause of action accrues when the facts necessary to establish a cause of action are or should have been apparent to the Plaintiffs. *Id.* The Plaintiffs do not appear to dispute that their § 1983 claims accrued on July 22, 2011, the date that Mr. Herrick seized Winter. Thus, the Plaintiffs' commencement of this suit on July 3, 2014, more than two years after that date, renders the Plaintiffs' claims untimely.

The Plaintiffs argue that, under Colorado law, the Brand Inspection Division's ongoing retention of Winter constituted a "continuing tort," for which the statute of limitations accrued anew each day that Winter was withheld from the Plaintiffs.[4] This is essentially an argument that the claims were continually accruing, and thus, the Court turns to federal law concerning the notion of a "continuing tort." In *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430-31 (10th Cir. 1996), the court explained that "where a tort involves a continuing or repeated injury, the cause of action accrues, and the limitations period begins to run from, the date of the last injury." However, "the doctrine is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Parkhurst v. Lambert*, 264 Fed.Appx. 748 (10th Cir. 2008), *citing Bergman v. U.S.*, 751 F.2d 314, 317 (10th Cir. 1984)  Similarly, the doctrine does not apply "when the injury is definite and discoverable and nothing prevented the plaintiff from coming forward to seek redress." *Matson v. Burlington Northern & Santa Fe R.R. Co.*, 240 F.3d 1233, 1237 (10th Cir. 2001).  Federal courts have repeatedly refused to apply the continuing tort doctrine in § 1983 cases involving ongoing seizures of property, routinely finding that the statute of limitations accrues and begins to run on the date that the seizure first occurs.  *See e.g. Montanez v. Secretary, Penn. Dept. of Corrections*, 773 F.3d 472, 481 (3d Cir. 2014) (ongoing seizure of money from inmate trust account); *Johnson v. Cullen*, 925 F.Supp. 244, 248-50 (D.Del. 1996) (seizure of car and horse trailer; "[a]lthough plaintiffs were deprived of their property until it was returned to them, that was the continual ill effect of the original act of seizure. It was not a series of repetitive or ongoing violations").

---

[4] The Court agrees with the Defendants that the Plaintiffs failed to raise this argument in any meaningful sense in their opposition to the Motion to Dismiss.  The Court could treat such arguments, raised for the first time in Objections, as waived.  *See Mobley v. Donahoe*, 498 Fed.Appx. 793, 798 n. 4 (10th Cir. 2012).  Nevertheless, the Court addresses the argument for purposes of completeness and because it finds the argument to be without merit in any event.

In *Bloom v. Alvereze*, 498 Fed.Appx. 867, 874 (11th Cir. 2012), the court faced nearly the identical situation presented here: state officials, relying on false statements from alleged witnesses, seized the plaintiff's animals. Criminal charges against the plaintiffs were later dismissed, but state officials still refused to return their animals. Four years after the seizure, the plaintiffs brought suit, alleging, among other things, claims under 42 U.S.C. § 1983. The trial court dismissed the claims as untimely, and the Eleventh Circuit affirmed, rejecting the plaintiff's argument that the refusal to return the animals constituted a continuing tort that delayed the running of the statute of limitation. The court explained that "we distinguish single, discrete acts from charges of continuously maintained illegal policies," and observed that "the Blooms complain not of a practices or policy, but of distinct acts by the defendants, and have not established continuing torts." *Id.* at 874.

These authorities make clear that the Plaintiffs' invocation of the continuing tort doctrine is without merit. As in the cited cases, the Plaintiffs' claims all spring from a single, clearly defined event – Mr. Herrick's seizure of Winter. Although the Plaintiffs may have suffered a continuing <u>injury</u> each day that the seizure continued, the cases above make clear that a single unlawful act with ongoing effects does not give rise to a continually-accruing statute of limitation under the "continuing tort" doctrine. Thus, the Plaintiffs' claims are untimely.

The Plaintiffs rely on *Hoery v. U.S.*, 324 F.3d 1220, 1222 (10th Cir. 2003). There, the plaintiff brought claims under the Federal Tort Claims Act, arising from the migration of toxic chemicals onto his land from a former Air Force base nearby. Although the discharge of the chemicals had occurred years earlier, the 10th Circuit found that the plaintiff's claims were timely under the continuing tort doctrine. Notably, however, the 10th Circuit in *Hoery* expressly requested that the Colorado Supreme Court address the question of whether such circumstances

constitute a "continuing trespass" under Colorado law, and the Colorado Supreme Court answered in the affirmative, finding that the statute of limitations for such torts was continually accruing. *Id.* at 1222-1223, *citing Hoery v. U.S.*, 64 P.3d 214, 218 (Colo. 2003). The *Hoery* decisions are clearly predicated on facts and policy decisions that arise uniquely in land trespass cases. *See e.g.* 64 P.3d at 219 (explaining distinction between "continuing tort" of trespass and "permanent tort" where construction on another's land serve purposes "vital to the future development of our state"). This Court is reluctant to attempt to extrapolate the rules announced in *Hoery* and other cases involving continuous trespasses on private land with the more prosaic situation of an ongoing deprivation of personal property due to an ostensible seizure by law enforcement. The Plaintiffs do not cite any Colorado or federal authority that applies the continuing tort doctrine in the latter circumstances, and, as the cases cited above reflect, the application of the continuing tort doctrine is routinely rejected in such cases.

Accordingly, the Court agrees with the Magistrate Judge that the Plaintiffs' § 1983 claims are untimely. The Court **OVERRULES** the Plaintiffs' Objections **(# 71)** and **ADOPTS** the Magistrate Judge's Recommendation **(# 70)**. The Defendants' Motion to Dismiss **(# 60)** is **GRANTED IN PART**, insofar as the Court dismisses the Plaintiffs' claims under 42 U.S.C. § 1983 as barred. Upon the dismissal of the Plaintiffs' claims under federal law, there is no basis for this Court to continue to exercise supplemental jurisdiction over the Plaintiffs' remaining state-law tort claims, and the Court dismisses those claims pursuant to 28 U.S.C.

8

§1367(c). There being no colorable claims to adjudicate, the Clerk of the Court shall close this case.

Dated this 7th day of March, 2016.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge